Clifford **RAY** and Louise Ray, individually and as the natural guardians of their minor children, Randy Ray, Robert Ray and Ricky Ray, Plaintiffs,

v.

**CUTTER LABORATORIES, DIVISION OF MILES, INC.,** and Armour Pharmaceutical Co., Defendants.

Civ. A. Nos. 88–693–CIV–T–17(A) to 88–695–CIV–T–17(A).

United States District Court, M.D. Florida, Tampa Division.

Jan. 10, 1991.

**194**

Judith S. Kavanaugh, Peeples, Earl & Blank, Miami, Fla., Robert L. Parks, Anderson, Moss, Parks & Russo, Elizabeth Koebel Russo, Elizabeth Russo, P.A., Miami, Fla., and Patricia E. Lowry, Steel Hector & Davis, West Palm Beach, Fla., for plaintiffs.

Duncan Barr, Christopher Bayuk, O'Connor, Cohn, Dillon & Barr, San Francisco, Cal., and Thomas M. Burke, Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, Orlando, Fla., for defendants.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on Plaintiffs' Motion for Reconsideration of Order Granting Summary Judgment in Favor of Defendants and Defendants' responses thereto. 744 F.Supp. 1124.

Plaintiffs urge the Court to reevaluate the applicability to their case of the causation principles outlined in *Celotex Corp. v. Copeland*, 471 So.2d 533 (Fla.1985). Additionally, Plaintiffs urge a reversal of the Summary Judgment Order in light of the recent Florida Supreme Court decision in *Conley v. Boyle Drug Co.*, 570 So.2d 275 (Fla.1990); Ehrlich, Justice, which adopted the market share theory of liability.

Defendants reiterate their earlier arguments that the holding of *Celotex* did not abrogate the requirement that a plaintiff identify the specific tortfeasor who caused the injury giving rise to the action. Further, Defendants contend that the Florida Supreme Court's decision in *Conley* is limited only to DES (diethylstilbestrol) litigation.

In its earlier Order Granting Motion for Summary Judgment, this Court noted that a cause of action in negligence may only be sustained when the plaintiff can prove injury proximately caused by a breach of a duty owed by the defendant. Order dated September 7, 1990, p. 4. In a products liability action, this burden is met by proof that a manufacturer defendant produced the product that caused the alleged injury. *Id.* at 5. This identification requirement is neither eliminated nor altered in *Celotex* where an asbestos worker and his wife brought action against manufacturers of asbestos products for damages arising out of asbestosis and asbestos-related cancer. In fact, the Florida Supreme Court expressly refused to adopt the market share theory of liability in *Celotex* because the plaintiffs had "a proper cause of action against *identified* manufacturers of asbestos products." (Emphasis in original) *Celotex*, 471 So.2d at 534.

The *Celotex* plaintiffs were able to identify many of the manufacturers who caused their injuries. *Id.* at 537. Conversely, assuming that the Rays are able to prove that Defendants manufactured the Factor VIII which was subsequently prescribed and used by Plaintiffs, an inability to identify which manufacturer's product actually infected the Ray boys with the

Acquired Immune Deficiency Syndrome (AIDS) virus would still exist.

Plaintiffs' inability to identify the specific defendant that manufactured the contaminated Factor VIII which allegedly infected the Ray boys with the AIDS virus renders Counts I, II, IV, and V of Plaintiffs' Third Amended Complaint inapplicable.

Similarly, Counts III and VI, which allege a claim under Florida Statutes Section 672.316(5), must also fail. The so-called "blood shield" statute establishes a negligence criteria for recovery. As discussed above, Plaintiffs inability to identify a specific tortfeasor precludes any cause of action based on traditional negligence theory.

Counts VII, VIII, and IX seek to hold Defendants liable under concert of action, alternate liability, and enterprise liability theories. Florida does not recognize any of these theories of liability. Consequently, this Court refuses to consider causes of action not yet approved by the Florida Supreme Court or adopted by the Florida Legislature.

Utilizing this same rationale, this Court, in its Order dated September 7, 1990, granted summary judgment to Defendants on Count X. This count seeks to hold Defendants liable under the market share theory of liability. At the time of that order, Florida had not adopted the market share theory. The Court noted, however, that pending before the Florida Supreme Court was *Conley v. Boyle Drug Co.*, 477 So.2d 600 (Fla. 4th DCA 1985) which certified the following question:

DOES FLORIDA RECOGNIZE A CAUSE OF ACTION AGAINST A DEFENDANT FOR MARKETING DEFECTIVE DES WHEN THE PLAINTIFF ADMITTED HE CANNOT ESTABLISH THAT A PARTICULAR DEFENDANT WAS RESPONSIBLE FOR THE INJURY?

The Florida Supreme Court has now spoken on this issue. Its decision must be examined to determine whether grounds exist for a partial reversal of this Court's Order Granting Summary Judgment.

Defendants argue that the *Conley* holding is expressly limited to DES plaintiffs. Indeed, the question certified to the Supreme Court focused narrowly on DES litigation. Additionally, the Court's discussion of the actual use of the market share theory is tailored to the prerequisites which must be met by DES plaintiffs. However, it must be remembered that any judicial decision is based on the precise facts before that given court. One must look to a court's holding and the reasons given for that holding to determine its applicability to other factual scenarios.

In its decision, the *Conley* court expressly refers to its earlier refusal in *Celotex* to adopt a market share theory of liability:

Our holding was based primarily on the fact that Copeland was able to identify several of the manufacturers of the products to which he was exposed. Recognizing that "[t]he market share theory of liability was developed to provide a remedy where there is an inherent inability to identify the manufacturer of the product that caused the injury," we concluded that *Celotex* was an inappropriate case in which to determine whether such a theory of liability should be adopted in Florida.

*Conley*, 570 So.2d at 280. A logical conclusion is that, while *Celotex* was inappropriate, the Florida Supreme Court considered *Conley* an appropriate case to determine whether the market share theory of liability should be adopted in Florida. *Conley* presented to the Court a situation where the plaintiff was unable to identify the manufacturer of the product which caused her injury. The Ray boys are faced with a similar dilemma.

The Florida Supreme Court cites other facts of the case which make it appropriate for adoption of the market share theory of liability. The Court notes that DES created the same risk of harm to all users because it was produced using the same formula. *Conley*, 570 So.2d at 280, footnote 6. Unlike DES, Factor VIII may differ from one batch to the next because its final composition is reliant on the pool of donors whose plasma is ultimately used in

any given batch. However, the methods used to manufacture the plasma into Factor VIII are virtually identical. Once produced, one manufacturer's Factor VIII product may essentially be used interchangeably with another manufacturer's product. This is highlighted by the fact that the bid invitation for Antihemophilic Factor Concentrates by the State of Florida does not specify any unique characteristics of the drug. Further, while one Factor VIII product may have been infected with the AIDS virus while another may not have been, the risk that infection was present was the same from product to product during the period of time prior to initiation of screening for donors at risk of having AIDS.

The *Conley* court also recognizes the justice in relaxing the identity requirement of traditional tort law in situations "where the manufacturing and marketing practices involved and the delayed harmful effect ... make identification impossible." *Conley*, at 283. The effects of DES are only apparent in the generation subsequent to that of the original user. Though not nearly as long, a person found to be infected with the AIDS virus may have used Factor VIII for a period of several years before the infection was detected. At the time the Ray boys allege they were infected, not only did no test for AIDS exist, the AIDS virus itself had not even been identified. Thus, it will never be possible for the Plaintiffs to identify which particular batch or batches of Factor VIII caused their respective AIDS infections.

The Court is aware that Defendants dispute whether Plaintiffs infections were in fact caused by the use of infected batches of Factor VIII rather than by other blood products used by Plaintiffs during the relevant time period. However, this is a disputed issue of material fact. Determination should rightfully be left to a jury.

Finally, the precise language of the Florida Supreme Court's holding in *Conley* does not limit the decision to DES cases:

Accordingly, we adopt the market-share alternate theory of liability as formulated by the Washington Supreme Court.

However, as a prerequisite to its use, a plaintiff must make a showing that she has made a genuine attempt to locate and to identify the manufacturer responsible for her injury. We further restrict this vehicle of recovery to those actions sounding in negligence; it may not be used in conjunction with allegations of fraud, breach of warranty or strict liability.

*Conley*, at 286.

All issues presented by Plaintiffs and Defendants have been carefully considered. The Court finds no reason to deviate from its initial analysis of traditional tort law. Additionally, there has been no change in Florida law as to the concert of action, alternate liability, and enterprise theories of liability since this Court's initial order granting summary judgment. These theories are not recognized in Florida. Accordingly, it is

ORDERED that Plaintiffs' Motion for Reconsideration of Order Granting Summary Judgment as to Counts I, II, III, IV, V, VI, VII, VIII, and IX of Plaintiffs' Third Amended Complaint is denied.

In *Conley*, decided after this Court's summary judgment order dated September 7, 1990, the Florida Supreme Court adopted the market share theory of liability in cases where there is an inherent inability to identify the manufacturer of the product that caused the injury. This Court finds that the holding in *Conley* is applicable to Plaintiffs' case. Accordingly, it is

ORDERED that summary judgment on Count X of Plaintiff's Third Amended Complaint is reversed.

Motions are pending for assessment of attorneys' fees and costs. Based on the reopening of this case, these motions are premature and are therefore denied with leave to file when appropriate.

At the time the motions for summary judgment were originally granted, this cause of action was set for trial and was trial ready. Therefore, this cause of action will be set for trial on the April, 1991 Visiting Judge calendar. It is not neces-

sary that the cause be scheduled for a second pre-trial conference.

DONE and ORDERED.